**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **GARETH BENJAMIN, On Behalf of Himself and All Others Similarly Situated,** | ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) ) |
| **DJGN LLC d/b/a TONY'S STEAKS & SEAFOOD,** | ) ) ) ) |
| *Defendant*. | ) ) |

**CLASS AND COLLECTIVE ACTION**

**CASE NO. 1:22-cv-166**

**JUDGE** _____

**JURY DEMAND**

**I.  INTRODUCTION**

1.      Plaintiff Gareth Benjamin ("Plaintiff") brings this action against Defendant DJGN LLC d/b/a Tony's Steaks & Seafood ("Defendant") to recover unpaid minimum and overtime wages, unlawfully retained tips, liquidated damages, penalties, interest, and other damages, as well as attorneys' fees, and costs, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, under the Ohio Minimum Fair Wage Standards Act ("the Ohio Wage Act"), O.R.C. §§ 4111, *et seq.*, under the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, under the Ohio Constitution, Oh. Const. Art. II, § 34a (collectively referred to herein as the "Ohio Wage Laws"), and under the Ohio common law for unjust enrichment. Plaintiff asserts his FLSA claims and his Ohio minimum wage claim as a collective action, pursuant to 29 U.S.C. § 216(b), and his claims under the Ohio Wage Laws and for unjust enrichment as a class action, pursuant to Fed. R. Civ. P. 23.

2.      Defendant pays tipped employees a tipped hourly wage less than the statutory $7.25 per hour federal minimum wage and $9.30 per hour Ohio minimum wage and relies on the "tip credit" provisions of the FLSA and Ohio Wage Laws to satisfy its minimum wage

1

obligations. However, Defendant also requires tipped employees to participate in a tip pooling arrangement that takes their tips and pays them to the management and supervisory employees, in violation of both the FLSA and the Ohio Wage Laws and resulting in Defendant's unjust enrichment at the expense of tipped employees.

## II. PARTIES

**A.     Plaintiff**

3.     Plaintiff Benjamin is a resident of Cincinnati, Hamilton County, Ohio. Plaintiff Benjamin attaches his Notice of Consent pursuant to the FLSA and the Ohio Wage Act as **Exhibit 1**.

4.     Defendant employed Plaintiff as a server at its Tony's Steaks & Seafood restaurant in Cincinnati, Ohio from approximately June 2021 through February 2022.

5.     During his employment, Plaintiff received hourly wages less than both the federal ($7.25 per hour) and Ohio (2021 – $8.80 per hour; 2022 – $9.30 per hour) minimum wage rates plus tips.

**B.     Defendant**

6.     Defendant DJGN LLC is an Ohio limited liability company doing business within this judicial district at 12110 Montgomery Road, Cincinnati, Ohio 45249 as Tony's Steaks & Seafoods.

7.     Defendant's registered agent is John E. Christopher, who can be served at 1900 Chemed Center, 255 E. 5th Street, Cincinnati, Ohio 45202.

8.     Defendant has at all relevant times been an employer within the meaning of the FLSA.

9.     Defendant has at all relevant times been an employer within the meaning of the

Ohio Wage Laws, including but not limited to O.R.C. §§ 4111.03(D) and 4111.14(B), Oh. Const. Art. II, § 34a, and § 4113.15(D).

### III. FACTS

10. Plaintiff and those he seeks to represent in this action are current and former employees of Defendant at its Tony's Steaks & Seafood restaurant ("Tony's") in Cincinnati, Ohio, who earned less than the applicable federal and Ohio minimum wage rates per hour and received customer tips ("Tipped Employees").

11. At all relevant times, Defendant pays and has paid Plaintiff and other Tipped Employees an hourly wage below the federal minimum wage of $7.25 per hour and the then-applicable Ohio minimum wage (2022 – $9.30 per hour; 2021 – $8.80 per hour; 2020 – $8.70 per hour; 2019 – $8.55 per hour).

12. Defendant purports to utilize a tip credit for each hour worked by Plaintiff and other Tipped Employees to comply with the minimum wage obligations under the FLSA and Ohio Wage Laws.

13. Defendant has a policy and practice of requiring Plaintiff and other Tipped Employees to contribute a portion of the tips they receive from customers to a tip pool that is distributed to other employees.

14. The individuals who receive a portion of the tip pool include supervisors and members of management.

15. Remitting tips to other employees, including management, is not voluntary; rather, it is a condition of employment and, therefore, mandatory.

16. Defendant receives the benefit of these tips at the expense of Plaintiff and other Tipped Employees, who earn the tips.

17. Defendant knew or should have known that its compensation practices and policies for Tipped Employees violates the FLSA and Ohio Wage Laws.

## IV. COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff asserts his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following similarly situated employees:

> All current and former Tipped Employees (as defined herein) of Defendant at its Cincinnati, Ohio restaurant at any time since March 30, 2019.

(the "Collective Class").

19. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and the Collective Class, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

20. Plaintiff also asserts his minimum wage claim under the O.R.C. § 4111.02 and Oh. Const. Art. II, § 34a on behalf of the Collective Class, in the alternative to the class action claims under these provisions brought on behalf of the Rule 23 Class.

## V. CLASS ACTION ALLEGATIONS

21. Plaintiff brings his Ohio Wage Law and unjust enrichment claims on his own behalf and, pursuant to Fed. R. Civ. P. 23, on behalf of the following class of individuals:

> All current and former Tipped Employees (as defined herein) of Defendant at its Cincinnati, Ohio restaurant at any time since March 30, 2019.

(the "Rule 23 Class").

22. Plaintiff is a member of the Rule 23 Class he seeks to represent.

23. Defendant has employed dozens of individuals as Tipped Employees at its Cincinnati, Ohio, restaurant. Thus, the Rule 23 class is sufficiently numerous that joinder of all

4

members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

24. Plaintiff and the members of the Rule 23 Class share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). For example, Plaintiff and the members of the Rule 23 Class he seeks to represent are subject to the same compensation and tip policies. As a result, the Rule 23 Class shares several factual and legal questions, including, for example: (1) whether Defendant requires Tipped Employees to remit tips to a tip pool from which proceeds are shared with other employees; and (2) whether Defendant requires Tipped Employees to remit tips to their employer.

25. Plaintiff's claims are typical of the claims of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(3). Defendant's violation of the minimum wage, overtime wage, and other requirements of the Ohio Wage Laws and common law of unjust enrichment is not the result of any Plaintiff-specific circumstances. Rather, it arises from Defendant's common pay policies and practices, which Defendant applied generally to all its Tipped Employees, including Plaintiff. Thus, in advancing his own claims, Plaintiff will also be advancing the claims of the Rule 23 Class.

26. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(4). Plaintiff's interests are shared with the Rule 23 Class and Plaintiff has no interests that conflict with those of the Rule 23 Class. Furthermore, Plaintiff has retained competent counsel experienced in representing classes of employees against their employers related to their employer's failure to pay them properly under the law.

27. By failing to pay Tipped Employees all required minimum and overtime wages pursuant to its common pay practices and policies, Defendant has created a scenario where questions of law and fact common to the Rule 23 Class predominate over any questions affecting

5

only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Plaintiff is entitled to pursue his claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## VI.  CAUSES OF ACTION

### COUNT I:
### VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA

28. All previous paragraphs are incorporated as though fully set forth herein.

29. Plaintiff asserts this claim on behalf of himself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

30. Plaintiff and the Collective Class are employees entitled to the FLSA's protections.

31. Defendant is an employer covered by the FLSA.

32. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

33. While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

34. The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

35. Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2); 29 C.F.R. §§ 531.54, 531.59.

36. Here, by unlawfully keeping employees' tips and permitting management and

6

supervisors to keep employees' tips, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations.

37. As such, Defendant has violated the FLSA by failing to pay Plaintiff and the members of the Collective Class for all time worked at $7.25 per hour.

38. Plaintiff and members of the Collective Class are entitled to recover all unpaid minimum wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

39. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II:
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

40. All previous paragraphs are incorporated as though fully set forth herein.

41. Plaintiff asserts this claim on behalf of himself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

42. Plaintiff and the Collective Class are employees entitled to the FLSA's protections.

43. Defendant is an employer covered by the FLSA.

44. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207.

45. Plaintiff and members of the Collective Class employed by Defendant have worked over 40 hours in a workweek paid at a lower tipped hourly rate.

46. While employers may utilize a tip credit to satisfy their overtime obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See*

29 U.S.C. §§ 203(m) and 203(t).

47. The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

48. Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2); 29 C.F.R. §§ 531.54, 531.59.

49. Here, by unlawfully keeping employees' tips and permitting management and supervisors to keep employees' tips, Defendant has forfeited its right to utilize the tip credit in satisfying its overtime obligations.

50. As such, Defendant has violated the FLSA by failing to pay Plaintiff and members of the Collective Class for all time worked in excess of 40 hours in a workweek at $10.88 per hour.

51. Plaintiff and members of the Collective Class are entitled to recover all unpaid overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

52. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT III:
## UNLAWFUL RETENTION OF TIPS UNDER THE FLSA

53. All previous paragraphs are incorporated as though fully set forth herein.

54. Plaintiff asserts this claim on behalf of himself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

55. Plaintiff and the Collective Class are employees entitled to the FLSA's

protections.

56. Defendant is an employer covered by the FLSA.

57. The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

58. Defendant has violated this provision by keeping tips received by Plaintiff and members of the Collective Class and by allowing managers and supervisors to keep a portion of those tips.

59. Plaintiff and members of the Collective Class are entitled to recover these unlawfully retained tips, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

60. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT IV:
## VIOLATION OF THE OHIO CONSTITUTION, ARTICLE II, SECTION 34a

61. All previous paragraphs are incorporated as though fully set forth herein.

62. Plaintiff asserts this claim on behalf of himself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

63. In the alternative, Plaintiff asserts this claim on behalf of himself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

64. Plaintiff, the Collective Class, and the Rule 23 Class are employees within the meaning of O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a protected by the mandates of the Ohio Constitution.

65. Defendant is an employer within the meaning of O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a required to comply with the mandates of the Ohio Constitution.

66. Article II, Section 34a of the Ohio Constitution and O.R.C. § 4111.02 entitle employees to a minimum hourly wage that increases each year (2022 – $9.30 per hour; 2021 – $8.80 per hour; 2020 – $8.70 per hour; 2019 – $8.55 per hour).

67. Article II, Section 34a of the Ohio Constitution permits employers to utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees.

68. In order to utilize the tip credit, an employer must comply with the requirements set forth in Section 3(m) of the FLSA, 29 U.S.C. § 203(m).

69. Section 3(m) of the FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

70. Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2).

71. Here, by unlawfully keeping and permitting management and supervisors to keep tips earned by Plaintiff, the Collective Class, and the Rule 23 Class, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations.

72. As such, Defendant has violated O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a by paying Plaintiff and the Rule 23 Class an hourly wage below the required minimum wage.

## COUNT V:
## VIOLATION OF THE OHIO PROMPT PAYMENT ACT ("OPPA")

73. All previous paragraphs are incorporated as though fully set forth herein.

74. Plaintiff asserts this claim on behalf of himself and members of the Rule 23 Class,

pursuant to Fed. R. Civ. P. 23.

75. Plaintiff and the Rule 23 Class are employees entitled to the OPPA's protections and not otherwise exempt.

76. Defendant is an employer required to comply with the mandates of the OPPA. O.R.C. § 4113.15.

77. The OPPA requires that employers pay all employees all wages owed, on or before the first day of each month for all wages earned by them during the first half of the preceding month ending with the fifteenth day thereof and on or before the fifteenth day of each month for all wages earned by them during the last half of the preceding calendar month. O.R.C. § 4113.15(A).

78. Defendant has failed to compensate Plaintiff and the Rule 23 Class fully and properly for all hours worked at the required minimum wage.

79. As a result, Defendant has not paid Plaintiff and the Rule 23 Class all wages earned within thirty days of performing the work. O.R.C. § 4113.15(B).

80. The earned minimum wages of Plaintiff and the Rule 23 Class remain unpaid for more than thirty days beyond their regularly scheduled paydays.

81. In violating the OPPA, Defendant has acted willfully and with reckless disregard of clearly applicable provisions of the Ohio Wage Laws.

## COUNT VI:
## UNJUST ENRICHMENT

82. All previous paragraphs are incorporated as though fully set forth herein.

83. Plaintiff asserts this claim on behalf of himself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

84. Plaintiff and the Rule 23 Class are Tipped Employees paid an hourly rate less than

11

the applicable federal and Ohio minimum wage plus tips they earn from customers.

85. Defendant keeps and permits its managers and supervisors to keep a portion of the tips earned by Plaintiff and the Rule 23 Class.

86. Plaintiff and the Rule 23 Class earn these tips and are entitled to keep them.

87. As a result, Defendant is unjustly enriched at their expense in the amount of the tips it unlawfully keeps and permits managers and supervisors to keep.

88. It is against equity and good conscience to permit Defendant to benefit from these tips.

89. Thus, Defendant should be required to reimburse Plaintiff and the Rule 23 Class in the amount of these tips.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23;

C. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to members of the Collective Class;

D. Prompt notice of this litigation, pursuant to Fed. R. Civ. P. 23, to the Rule 23 Class;

E. A finding that Defendant has violated the FLSA and the Ohio Wage Laws and that Defendant has been unjustly enriched;

    F.    A finding that Defendant's violations of the FLSA and the Ohio Wage Laws are willful and not in good faith;

    G.    A judgment against Defendant and in favor of Plaintiff, the Collective Class, and the Rule 23 Class for compensation for all unpaid and underpaid wages and tips that Defendant has failed and refused to pay in violation of the FLSA and the Ohio Wage Laws;

    H.    A judgment against Defendant and in favor of Plaintiff and the Rule 23 Class for restitution for all earned tips kept by Defendant and by which Defendant was unjustly enriched;

    I.    Prejudgment and post-judgment interest to the fullest extent permitted under the law;

    J.    Liquidated damages, treble damages, and monetary penalties to the fullest extent permitted under the FLSA and Ohio Wage Laws;

    K.    Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA, the Ohio Wage Laws, and the Federal Rules of Civil Procedure; and,

    L.    Such other and further relief as this Court deems just and proper in equity and under the law.

### VIII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: March 30, 2022                    Respectfully submitted,

                                          **BARKAN MEIZLISH DEROSE COX, LLP**

                                          /s/Robert E. DeRose
                                          Robert E. DeRose (OH Bar No. 0055214)
                                          Brian R. Noethlich (OH Bar No. 0086933)
                                          4200 Regent Street, Suite 210
                                          Columbus, OH 43219
                                          Phone: (614) 221-4221
                                          Facsimile: (614) 744-2300
                                          bderose@barkanmeizlish.com
                                          bnoethlich@barkanmeizlish.com

David W. Garrison (TN Bar No. 24968) *
Joshua A. Frank (TN Bar No. 33294) *
**BARRETT JOHNSTON MARTIN & GARRISON, LLC**
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

* *Pro Hac Vice* Admission to be applied for

*Attorneys for Plaintiff*