UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GARETH BENJAMIN, *et al.*, *on behalf of themselves and all others similarly situated*, | : : : | Case No. 1:22-cv-166 |
| | : | Judge Timothy S. Black |
| Plaintiffs, | : : | |
| vs. | : : | |
| DJGN LLC, *et al.*, d/b/a TONY'S STEAKS & SEAFOOD, | : : : | |
| Defendants. | : : | |

**ORDER GRANTING UNOPPOSED MOTION FOR SETTLEMENT APPROVAL OF INDIVIDUAL SETTLEMENT AGREEMENTS AND DISMISSING INDIVIDUAL CLAIMS WITH PREJUDICE**

This civil case is before the Court on Plaintiffs' unopposed motion for approval of settlements and brief in support (Docs. 34, 35). Specifically, Plaintiffs seek the Court's approval of the settlement agreements between Defendants and Plaintiffs John Harley, Fred Siegelman, Paul Wilburn, Bradley Tucker, Patrick Gallaway, Ashlie Olson, and Joseph Sack (the "Settling Plaintiffs"). (*Id.*)

### I. BACKGROUND

On March 30, 2022, Plaintiff Gareth Benjamin, a former employee of Defendant DJGN LLC d/b/a Tony's Steaks & Seafood, filed this action on behalf of himself and others similarly situated, alleging that DJGN violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and state laws, and seeking unpaid pages and other damages. (Doc. 1). Specifically, Benjamin alleged that DGJN paid an hourly wage

below the minimum wage, required employees to contribute a portion of their tips to a tip pool, and required tips from the tip pool to be shared with management. (*Id.*)

On November 11, 2022, pursuant to successful mediation efforts between the parties, Benjamin moved to amend the complaint with DJGN's consent. (Doc. 26). Benjamin sought to amend the complaint to consolidate claims from three related actions: *Sullivan v. DJGN Lexington, LLC*, No. 5:22-CV-00064-DCR (E.D. Ky.); *Brady v. DJGN Indy, LLC*, No. 1:22-CV-1381-RLY-MG (S.D. Ind.); and *Harley v. DJGN Lexington, LLC*, No. 22-CI-00574 (Fayette Cir. Ct.). And, assuming the motion to amend was granted, Benjamin indicated he would seek court approval of his class claims asserted.

The Court granted the motion, and an Amended Complaint was filed. (Doc. 27). The operative Amended Complaint is brought by Gareth Benjamin, John Harley, Christopher Sullivan, and Austin Brady, on behalf of themselves and all other individuals similarly situated (collectively, "Named Plaintiffs"). (*Id.*) The Amended Complaint is brought against DJGN LLC; DJGN Lexington, LLC; and DJGN Indy, LLC d/b/a Tony's Steaks and Seafood (collectively, "Defendants"). (*Id.*)

Named Plaintiffs now seek approval of individual settlement agreements between Defendants and Settling Plaintiffs. (Doc. 34). Named Plaintiffs indicate that they have reached two categories of settlement agreements with Defendants: (1) a settlement agreement that resolves claims of Defendants' employees for periods when the employees worked as servers on a class and collective bases; and (2) individual settlement agreements that resolve individual claims of non-server employers (*e.g.*, bartenders). (Doc. 35 at 1). The pending motion seeks approval of the second category,

2

the individual settlement agreements, which Named Plaintiffs maintain will not impact, or be impacted by, any approval of a class settlement for servers.

## II. STANDARD OF REVIEW

As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court. *Gentrup v. Renovo Servs. LLC*, No. 1:07-cv-430, 2011 WL 2532922, at * 2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)). The proper procedure for obtaining court approval is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness. *Id.* If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.*

The Sixth Circuit has counseled that a district court should consider the following factors when determining whether the settlement of a FLSA claim is fair and reasonable: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of counsel and representatives; and (6) public interest in the settlement. *See UAW v. GMC*, 497 F.3d 615 at 631 (6th Cir. 2007).

The Court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case. *Gentrup*,

3

2011 WL 2532922, at * 2–3 (citation omitted). In certain cases, a court may consider each factor individually. *Id.* "More often, however, inquiry into one factor necessarily overlaps with inquiry into another." *Id.* at *3.

### III. ANALYSIS

The Court finds Named Plaintiffs' motion for approval of the individual settlement agreements to be well-taken. The parties represent there are bona fide disputes over the issues in the litigation, including whether Settling Plaintiffs are entitled to minimum wage and overtime compensation, and whether Defendants acted in good faith with respect to the pay practice at issue. (Doc. 35 at 4). There is no evidence of fraud or collusion. And, given the unopposed nature of the motion, counsel for both parties must support the settlement agreements as fair and reasonable.[1]

"The likelihood of success.... provides a gauge from which the benefits of the settlement must be measured." *Gentrup*, 2011 WL 2532922, at *3. The ultimate question is whether the Plaintiffs are better served if the litigation is resolved by the settlement rather than pursued. *Id.* Here, the risks posed by Defendants' denial of the Settling Plaintiffs' claims justifies a compromise which provides an immediate settlement payment to the Settling Plaintiffs. Moreover, as the parties recognize, the settlement agreements do not represent a compromise of guaranteed rights but of contested rights.

---

[1] Notably, Settling Plaintiffs will receive the entire benefit of their settlement agreements because their attorneys are not seeking any fees related to these settlement agreements, instead choosing to pursue fees in connection to the class and collective claims. (Doc. 35 at 5).

After reviewing the settlement agreements (Doc. 34-1), and all the filings in this matter, the Court agrees with Named Plaintiffs' representations and finds that Settling Plaintiffs' settlement agreements are fair and reasonable. Accordingly, the Court **GRANTS** the unopposed motion for approval of settlements (Doc. 34) and **DISMISSES with prejudice** the claims made by John Harley, Fred Siegelman, Paul Wilburn, Bradley Tucker, Patrick Gallaway, Ashlie Olson, and Joseph Sack against Defendants.[2]

### IV. CONCLUSION

Based upon the foregoing,

1. Plaintiffs' unopposed motion for approval of settlements (Doc. 34) is **GRANTED**.

2. The settlement agreements between Defendants and Plaintiffs John Harley, Fred Siegelman, Paul Wilburn, Bradley Tucker, Patrick Gallaway, Ashlie Olson, and Joseph Sack (Doc. 34-1) are **APPROVED**.

3. The claims between Defendants and Plaintiffs John Harley, Fred Siegelman, Paul Wilburn, Bradley Tucker, Patrick Gallaway, Ashlie Olson, and Joseph Sack are **DISMISSED with prejudice**.

4. All other claims in this case remain pending.

**IT IS SO ORDERED.**

Date: 2/7/2023
s/Timothy S. Black
Timothy S. Black
United States District Judge

---

[2] The Court finds just terms to dismiss Settling Plaintiffs' claims and drop them as parties. Fed. R. Civ. P. 21("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). As the motion is unopposed, Defendants will not be prejudiced. Moreover, judicial economy is facilitated by dropping Settling Plaintiffs and their claims. *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (explaining several factors courts considers when determining whether to sever claims).