IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GARETH BENJAMIN, *et al.*, on behalf of themselves and all others similarly situated, | : : : | Case No. 1:22-cv-166 |
| | : | Judge Timothy S. Black |
| Plaintiffs, | : : | |
| vs. | : : | |
| DJGN LLC, *et al.*, d/b/a TONY'S STEAKS & SEAFOOD, | : : : | |
| Defendants. | : | |

**ORDER GRANTING RULE 23 CLASS CERTIFICATION FOR SETTLEMENT PURPOSES; PRELIMINARILY APPROVING RULE 23 CLASS ACTION SETTLEMENT; AND APPROVING SETTLEMENT OF FLSA CLAIMS**

Before the Court is Plaintiffs' Unopposed Motion for Rule 23 Class Certification for Settlement Purposes, for Preliminary Approval of Rule 23 Class Action Settlement, and for Approval of FLSA Collective Action Settlement ("Plaintiffs' Unopposed Motion") (Doc. 40) and the pertinent materials filed with that motion (Docs. 40-1, 41). For good cause shown, and as more fully explained below, Plaintiffs' Unopposed Motion is **GRANTED**. The Court **ORDERS** as follows:

**1.** **Preliminary Certification of the Rule 23 Classes.** For the purposes of settlement only, the Court preliminarily finds that the proposed Rule 23 Classes, as defined in the Settlement Agreement between the parties (the "Settlement"), meet the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court

1

preliminarily certifies for settlement purposes only, the following proposed Rule 23 Classes:

> All current and former Servers of Defendant DJGN LLC at its Cincinnati, Ohio restaurant who worked as a Server at any time from March 30, 2019 through July 1, 2022;

(the "Rule 23 Ohio Class");

> All current and former Servers of Defendant DJGN Lexington, LLC at its Lexington, Kentucky restaurant who worked as a Server at any time from March 3, 2017 to July 1, 2022;

(the "Rule 23 Kentucky Class"); and,

> All current and former Servers of Defendant DJGN Indy, LLC at its Indianapolis, Indiana restaurant who worked as a Server at any time from April 4, 2020 to July 1, 2022;

(the "Rule 23 Indiana Class").

**2. Nullification.** This Order will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Settlement is not finally approved by the Court or if the Settlement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

**3. Class Representatives.** The Court conditionally approves Named Plaintiff Gareth Benjamin as the Class Representative for the Rule 23 Ohio Class;[1] Named Plaintiff Christopher Sullivan as the Class Representative of the Rule 23 Kentucky Class;

---

[1] Since the filing of the unopposed motion for preliminary approval, Plaintiffs submitted a suggestion of death as to Mr. Benjamin. (Doc. 43). Pursuant to Fed. R. Civ. P. 25(a)(1), a successor or representative of Mr. Benjamin has 90 days to file a motion for substitution. Although that time has not yet elapsed, efficiency and relief for potential claimants is best served by moving forward with preliminary approval and notice to potential claimants.

and Named Plaintiff Austin Brady as the Class Representative of the Rule 23 Indiana Class.

4. **Class Counsel.** The Court conditionally appoints as Class Counsel for the Rule 23 Classes David W. Garrison and Joshua A. Frank of Barrett Johnston Martin & Garrison, LLC.

5. **Preliminary Approval of the Agreement.** The proposed settlement set forth in the Agreement appears, upon preliminary review, to be fair, reasonable, and adequate.  The Court finds that: (a) the Settlement resulted from extensive arm's-length negotiations; and (b) the Settlement is sufficient to warrant Court-approved notice of the Settlement to the Rule 23 Classes and a full hearing on approval of the Settlement under Rule 23(e) of the Federal Rules of Civil Procedure.

6. **Fairness Hearing and Deadlines for Filing of Final Approval Motion and Motion for Payment of Fees, Costs, and Expenses.**  A Fairness Hearing will be to consider final approval of the Settlement.  Any Rule 23 Class member who wishes to object to the Agreement will be heard at that time.  Objections must be made in writing by mailing such objections in accordance with the Court-approved Notice attached to the Settlement as Exhibit 1 by no later than one hundred twenty (120) days from the date the Notice is mailed.  This date shall be stated in the Notice.  Each objection must include the objector's name, address, telephone number, and signature.  Each objecting Rule 23 Class member must state the reasons for the objection to the Settlement.  If an objecting Rule 23 Class member wishes to speak at the Fairness Hearing, the written objection must so state and specifically identify all witnesses and materials that the objecting Rule 23 Class

member will present at the hearing.  Any objecting Rule 23 Class member who fails to properly or timely provide his or her objection to Class Counsel will not be heard during the Fairness Hearing.  The Parties shall file objections with the Court and as set forth in the Settlement.  Plaintiffs and Class Counsel shall file motions for entry of a final approval order and a motion for payment of attorneys' fees, costs, and expenses no later than fourteen (14) days prior to the Fairness Hearing.

7. **Date and Procedure for Fairness Hearing.**  The Fairness Hearing will be held on October 30, 2023 at 1:00 p.m.  Pursuant to consent of the parties, the Fairness Hearing will be conducted virtually.  Counsel of record and timely objectors ("Participants") will receive video conference instructions at least seven (7) days before the Final Hearing via email.  Participants are required to submit their microphones when not speaking.

Non-participants may join the hearing by calling: 1 (571) 317-3122; Access Code: 854-573-445.  Non-participants are required to mute their telephones during all stages of the proceedings.  Non-participants should call into the hearing shortly before 10:00 a.m., as the Court will lock the virtual hearing room once the Fairness Hearing is underway.

Video and/or audio recording of the Fairness Hearing is prohibited.  The Court may, in its discretion, change the date and/or time of the Final Approval Hearing.

8. **Notice to the Rule 23 Classes.**  The Settlement Notice (Doc. 40-1 at 27-30) and Claim Form (Doc. 40-1 at 24-25) (collectively, the "Notice Materials") are approved in substance.  For clarity regarding what claims are at issue with the class

4

action settlement, and in accordance with this Order, the parties shall make the following modifications to the Settlement Notice:

| Original | Modification |
|---|---|
| Do Nothing.  Stay in lawsuit.  Get no benefit.  Waive rights.<br><br>By doing nothing, you will get no money, but you will waive your rights.<br><br>(Doc. 40-1 at 27). | If you do not submit a claim.  Get no benefit.  Waive state law rights.<br><br>By doing nothing, you will get no money and you will waive your state law rights. |
| If you send an objection, it is not necessary for you to come to a hearing to talk about it, but you may do so at your own expense or pay your own lawyer to attend if you so choose. If you do attend the Fairness Hearing (described in question 11), it is possible that you will not be permitted to speak unless you notify the Court in your written objection of your intention to appear and speak at the Fairness Hearing regarding your objection and the Court permits you to do so.<br><br>(Doc. 40-1 at 29). | If you send an objection, it is not necessary for you to come to a hearing to talk about it, but you may do so or pay your own lawyer to attend.  If you or your lawyer attends the Fairness Hearing (described in question 11), you will not be permitted to speak unless you notify the Court in your written objection of your intention to appear and speak at the Fairness Hearing.  Even if you request an opportunity to speak, it is possible you may not be permitted to speak.  Objectors who request an opportunity to speak will be provided video conference instructions at least seven days prior to the hearing. |
| The Court will hold a Fairness Hearing on [date] at [time], at the [Courthouse Address / Courtroom]. You may appear in person for this hearing, or you may appear by telephone by using the following telephonic conference dial in number and passcode: [INSERT DIAL IN NUMBER] and [ACCESS CODE NUMBER].  …<br><br>(Doc. 40-1 at 30). | The Court will hold a Fairness Hearing on October 30, 2023 at 1:00 p.m.  The Fairness Hearing will be conducted virtually.  You may appear by telephone using the following telephonic conference dial in number and passcode:  1 (571) 317-3122; Access Code: 854-573-445.  You should call into the hearing shortly before it begins because the Court will lock the virtual room once the hearing is underway.  You are required to mute your telephone for the entirety of the hearing.  … |

5

9. **Deadlines Related to Notice to the Rule 23 Classes.** The Court orders that the Defendants provide Class Counsel with a list, in Excel format, of the members of the Rule 23 Classes, including each class member's name, employment identification number, last known mailing address, last known personal email address, and Social Security Number within fifteen (15) calendar days after the entry date of this Order. The Court orders that the Notice Materials be issued via first-class mail and electronic mail to the Rule 23 Class within thirty (30) days the issuance of this Order.  The Notice Materials shall be issued via first-class mail and electronic mail to Rule 23 Class Members who have not submitted a claim form, excluded themselves, or objected to the settlement sixty (60) days after the initial issuance of the Notice Materials. Except as expressly provided in the Settlement, any Rule 23 Class Member who wishes to receive their settlement payment owed pursuant to the Settlement, shall submit their Claim Form within one hundred twenty (120) days from the date the Notice Materials were issued.  Such date shall be listed in the Notice Materials.  Any member of the Rule 23 Classes who wishes to exclude themselves from (or "opt out" of) the Settlement and the preliminarily certified Rule 23 Classes must do so by submitting a written request (an "Opt-Out Statement") in accordance with the instructions set forth in the Notice Materials.  The Opt-Out Statements must be received within one hundred twenty (120) calendar days from the date the Notice Materials are issued to class members.  All members of the Rule 23 Classes who do not timely and properly exclude themselves from the class will be bound conclusively by all of the terms of the Settlement, if finally approved, and by any judgment entered upon final approval.

The Parties shall file all Opt-Out Statements received with the Court prior to the Fairness Hearing and in accordance with the terms set forth in the Settlement.

10. **Settlement Administration Costs.**  In accordance with the Settlement, the Defendants shall be responsible for paying the Settlement Administrator's costs and fees for administering all aspects of the Settlement.

11. **Order for Settlement Purposes.**  The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

12. **Stay.** All proceedings in this action other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are stayed and suspended until further order of the Court.  Pending final approval of the Settlement, Named Plaintiffs, the FLSA Opt-In Plaintiffs, and the members of the Rule 23 Classes are barred from commencing, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Released Claim against any Released Party (as those terms are defined in the Settlement).

13. **Use of Settlement and Ancillary Items.** Neither the Settlement (whether or not it is finally approved), nor any ancillary documents, actions, statements, or filings in furtherance of the Settlement (including matters associated with the mediation) will be admissible or offered into evidence in this action or any other action with respect to any issue or dispute, including but not limited to, for the purpose of establishing or supporting any claims that were raised or could have been raised in this action or are similar to such claims. Likewise, neither the Settlement (whether or not it is finally approved), nor any

ancillary documents, actions, statements, or filings in furtherance of the Settlement (including matters associated with the mediation) shall be construed as, offered, or admitted in evidence, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties or their counsel of any liability, fault, wrongdoing, omission, or damage.

14. **Approval of FLSA Collective Settlement.** The Settlement provides that those individuals who have already opted-in to the action or actively opt-in by submitting a claim form will also resolve their FLSA claims. The Court finds that the parties' resolution of the FLSA claims set forth in the Settlement represent a fair and reasonable resolution of *bona fide* disputes regarding the FLSA claims asserted and approves all forms and procedures for notice of the FLSA settlement set forth in the Settlement. The FLSA Settlement is therefore **APPROVED**.

**IT IS SO ORDERED.**

Date:   5/3/2023                                               *s/Timothy S. Black*
                                                               Timothy S. Black
                                                               United States District Judge